ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 28, 2011

Mr. Lee F. Jackson, Chancellor
University of North Texas System
1901 Main Street
Dallas, Texas  75201

Opinion No.  GA-0892

Re:  Whether the Board of Regents of the University of North Texas System may invest funds under its control that are held and managed by its component systems   (RQ-0974-GA)

Dear Chancellor Jackson:

You seek our opinion about the investment authority of the University of North Texas System (the "System") under subsection 51.0031(c) of the Education Code.[1] Subsection 51.0031(c) provides that "[i]f a governing board has under its control at least $25 million in book value of endowment funds, such governing board may invest all funds described in this section under prudent person standards."[2] TEX. EDUC. CODE ANN. § 51.0031(c) (West 2006).

You inform us that the System's governing board, the Board of Regents (the "Board"), has under its control funds that are held and managed at each of its component institutions. *See* Request Letter at 2; Brief at 1.  You also tell us that the Board "has under its control at least $25 million in book value of endowment funds, both in the aggregate and at the University of North Texas and the University of North Texas Health Science Center at Fort Worth, individually." Brief at 1.  With these facts you ask whether the Board may invest, under subsection 51.0031(c)'s prudent person standard, "funds under its control that are held and managed at another . . . component institution that individually has not met the $25 million threshold; and . . . funds under its control that are held and managed at the . . . System level." Request Letter at 1; Brief at 2.  The issue central to your

---

[1]*See* Letter from Mr. Lee F. Jackson, Chancellor, and attached Brief from Nancy S. Footer, Vice Chancellor and General Counsel, University of North Texas System, to Honorable Greg Abbott, Attorney General of Texas at 1 (May 20, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter" and "Brief," respectively).

[2]The "prudent person standard" is the "standard of care described in Article VII, section 11b, of the Texas Constitution, and means that standard of judgment and care that prudent investors, exercising reasonable care, skill, and caution, would acquire or retain in light of the purposes, terms, distribution requirements, and other circumstances of the fund then prevailing, taking into consideration the investment of all the assets of the fund rather than a single investment." TEX. EDUC. CODE ANN. § 51.0031(d) (West 2006).

questions is whether the $25 million threshold must be met by the System considered in the aggregate or by each of the component institutions.

As we consider your questions, it is helpful to provide some background information about university systems. A "university system" is an "association of one or more public senior colleges or universities, . . . under the policy direction of a single governing board."[3] TEX. EDUC. CODE ANN. § 61.003(10) (West Supp. 2010). Pursuant to several definitions in chapter 61 of the Education Code pertaining to higher education, each of the System's component institutions is a "public senior college or university." *See id.* §§ 61.003(4) (defining "public senior college or university" to mean a "general academic teaching institution."), 61.003(3) (defining a "general academic teaching institution" by reference to specific colleges and universities but including "any other college, university, or institution so classified as provided in [chapter 61] or created and so classified, expressly or impliedly, by law"). As public senior colleges or universities associated within the System, none of the component institutions themselves have a separate governing board. *Id.* § 61.003(10). Thus, the governing board of the component institutions is the governing board of the System.

To address your questions, we consider the language of subsection 51.0031(c). We focus on the statute's text, "so as to give effect to the Legislature's intent as expressed in its plain language." *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011). "Where text is clear, text is determinative of that intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009).

By its terms, subsection 51.0031(c) applies when a "governing board" has under its control the requisite amount in book value of endowment funds. *See* TEX. EDUC. CODE ANN. § 51.0031(c) (West 2006). Chapter 51 itself does not define "governing board," but the applicable definitions from section 61.003 indicate that a "governing board" is the "body charged with policy direction of any . . . public senior college or university." *Id.* § 61.003(9) (West Supp. 2010); *see also id.* § 51.001 (West 2006) (providing for applicability of subchapter A, chapter 51, by reference to entities defined in section 61.003, Education Code). As noted earlier, each of the System's component institutions are public senior colleges or universities associated under the control of a single governing board. *See id.* § 61.003(9)–(10) (West Supp. 2010). In addition, chapter 105 of the Education Code places the "organization, control, and management" of the System with a single board. *See id.* § 105.051 (West 2002). And chapter 105 expressly provides that the board's organization, control, and management encompasses each of the System's component institutions. *See id.* ch. 105 (West 2002 & Supp. 2010); *see also id.* § 51.352(b) (West 2006) (providing in the university system context that the "governing board of an institution of higher education shall provide the policy direction for each institution of higher education under its management and control").

---

[3]Here, the System comprises the University of North Texas, the University of North Texas Health Science Center at Fort Worth, the University of North Texas at Dallas, and the University of North Texas at Dallas College of Law (collectively, "component institutions"). *See* TEX. EDUC. CODE ANN. § 105.001 (West Supp. 2010).

For these reasons, the System's Board is a "governing board" within the scope of subsection 51.0031(c). Thus, the System considered in the aggregate, and not the component institutions, is the entity that must meet subsection 51.0031(c)'s $25 million threshold. We therefore conclude that if the System's Board has $25 million in book value of endowment funds under its control, it may invest as authorized by subsection 51.0031(c).[4]

---

[4]In both your request letter and your brief, you raise the Public Funds Investment Act ("PFIA"). Request Letter at 2; Brief at 2. Yet, in your letter, you do not expressly seek our opinion about the applicability of the PFIA. Absent a specific question to address, we refer you to a recent opinion concluding that because of the PFIA's discretionary language and its cumulative nature the "governing board of an institution of higher education, exercising its authority to establish an endowment fund under Education Code section 51.0031(a), is not restricted solely to investments permitted under the PFIA when managing the endowment fund." Tex. Att'y Gen. Op. No. GA-0768 (2010) at 2–3. We see nothing that would suggest a different conclusion here.

## S U M M A R Y

The University of North Texas System's Board of Regents is a governing board within the scope of subsection 51.0031(c), Education Code. Accordingly, the System considered in the aggregate, and not its component institutions, is the entity that must satisfy the subsection 51.0031(c) threshold. Therefore, if the System's Board has $25 million in book value of endowment funds under its control, it may invest as authorized by subsection 51.0031(c).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee